UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------x
IN RE                                           :
                                                :    Chapter 11
OWENS CORNING, et al.,                          :
                                                :    Case Nos. 00-3837 to 3854 (JKF)
                                                :    (Jointly Administered)
                                                :
                                    Debtors.    :    Related to Docket No. 14181
---------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CREDIT SUISSE
FIRST BOSTON, AS AGENT, PURSUANT TO 28 U.S.C. § 157(d),
FOR ORDER WITHDRAWING REFERENCE WITH RESPECT TO MOTION
FOR ORDER AUTHORIZING CSFB TO COMMENCE AN ADVERSARY
PROCEEDING ON BEHALF OF THE DEBTORS' ESTATES AGAINST
CERTAIN PHYSICIANS WHO FALSELY REPORTED X-RAY READINGS AS
<u>POSITIVE FOR ASBESTOS-RELATED IMPAIRMENT</u>**

| | |
|---|---|
| LANDIS RATH & COBB LLP | SIMPSON THACHER & BARTLETT LLP |
| Richard S. Cobb (I.D. No. 3157) | Barry R. Ostrager |
| Rebecca L. Butcher (I.D. No. 3816) | Tyler B. Robinson |
| 919 Market Street, Suite 600 | Robert J. Pfister |
| Wilmington, DE 19810 | Katharine E. Nolan |
| Tel: (302) 467-4400 | 425 Lexington Avenue |
| Fax: (302) 467-4450 | New York, New York 10017-3954 |
| | Tel: (212) 455-2000 |
| | Fax: (212) 455-2502 |
| | |
| | *Attorneys for Credit Suisse First Boston, as Agent* |

## TABLE OF CONTENTS

|  | Page |
|---|---|

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT........................................................................................................................2

    I.    The Derivative Adversary Proceeding Would Be Determined By The District Court ................................................................................................3

    II.    Because The Motion To Proceed Derivatively Involves Consideration Of The Merits Of The Underlying Suit, The District Court Should Consider The Motion To Proceed Derivatively In The First Instance....................4

CONCLUSION.....................................................................................................................7

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989) .................................................................. 3

*Hatzel & Buehler, Inc. v. Orange & Rockland Utilities, Inc.*, 107 B.R. 34 (D. Del. 1989) ........................................................................................................................................ 2

*In re Bennett Funding Group, Inc.*, 258 B.R. 67, (Bankr. N.D.N.Y. 2000) ..................................... 5

*In re Enviro-Scope Corp.*, 57 B.R. 1005 (E.D. Pa. 1985) ............................................................ 2, 4

*In re G-I Holdings, Inc.*, 313 B.R. 612 (Bankr. D.N.J. 2004) ......................................................... 5

*In re NDEP Corp.*, 203 B.R. 905 (D. Del. 1996) ......................................................................... 4, 6

*In re Pruitt*, 910 F.2d 1160 (3d Cir. 1990) ...................................................................................... 2

*Infinity Investors Ltd. v. Donald Kingsborough (In re Yes! Entertainment Corp.)*, 316 B.R. 141 (D. Del. 2004) ............................................................................................................ 5

*Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095 (2d Cir. 1993) ........................................................................................................................ 2

*Superior Precast, Inc.*, No. 97-218, 1998 WL 110594 (E.D. Pa. Feb. 19, 1998) ........................ 4, 6

**Statutes**

28 U.S.C. § 157(c)(1) ....................................................................................................................... 4

28 U.S.C. § 157(d) .................................................................................................................. 1, 2, 7

Fed. R. Bankr. P. 5011 ................................................................................................................. 1, 2

Fed. R. Bankr. P. 9033(d) ................................................................................................................ 4

U.S. const. amend. vii ...................................................................................................................... 3

TO:   THE HONORABLE JOHN P. FULLAM
      SENIOR UNITED STATES DISTRICT JUDGE

Credit Suisse First Boston ("CSFB"), as Agent for the prepetition bank lenders to Owens Corning and certain of its subsidiaries as debtors and debtors in possession (collectively, the "Debtors"), respectfully submits this memorandum of law pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011 in support of its motion for a limited withdrawal of the reference to the Bankruptcy Court (the "Motion To Withdraw The Reference") with respect to the Motion Of Credit Suisse First Boston, As Agent, For Order Authorizing It To Commence An Adversary Proceeding On Behalf Of The Debtors' Estates Against Certain Physicians Who Falsely Reported X-Ray Readings As Positive For Asbestos Related Impairment (the "Motion To Proceed Derivatively").

## PRELIMINARY STATEMENT

Recently-discovered evidence shows that the Debtors have been victimized by a massive fraud. Specifically, a small number of medical doctors specially trained and certified in the reading of x-rays (known as B-readers) have routinely and systematically over-diagnosed non-malignant asbestos-related disease in support of prepetition claims against the Debtors. While these physicians are small in number, their "findings" accounted for a dramatically disproportionate number of non-malignant asbestos personal injury claims filed against the Debtors and resulted in the payment of false claims potentially in excess of $1.5 Billion.

As described in the Motion To Proceed Derivatively, CSFB has brought this fraud to the attention of Owens Corning, and has demanded that the Debtors commence suit to redress this injury. The Debtors, while not objecting in principle to the proposed lawsuit, have unjustifiably refused to undertake the suit themselves, and thus CSFB is, contemporaneous with the filing of this Motion To Withdraw The Reference, moving for permission to commence an

action against the B-readers on behalf of the Debtors' estates.  *See* Motion To Proceed Derivatively, attached hereto as Exhibit 1.

Because the proposed suit against the B-readers is non-core, and because CSFB would not consent to a jury trial in the Bankruptcy Court or a final judgment by the Bankruptcy Court, ultimate disposition of the underlying suit will be effected by the District Court.  Thus, as the District Court is the forum in which the case would ultimately be resolved, the interests of judicial economy and efficiency weigh in favor of withdrawing the reference with respect to CSFB's related motion to proceed in that suit on behalf of the Debtors' estates.

## ARGUMENT

The District Court "may withdraw, in whole or in part, any case or proceeding referred under this section . . . for cause shown." 28 U.S.C. § 157(d); *see also* Fed. R. Bankr. P. 5011. The factors to be considered in whether "cause" has been shown include efficiency and judicial economy.  The U.S. Court of Appeals for the Third Circuit has held that "[t]he district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990) (quotations omitted); *see also Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993) (same); *Hatzel & Buehler, Inc. v. Orange & Rockland Utilities, Inc.*, 107 B.R. 34, 39 (D. Del. 1989) ("Permissive withdrawal for 'cause' includes considerations of . . . judicial economy"). Moreover, the interests of judicial economy are served by withdrawing the reference where two proceedings before both the Bankruptcy Court and the District Court "involve common questions of fact and law." *In re Enviro-Scope Corp.*, 57 B.R. 1005, 1007 (E.D. Pa. 1985).

This case is jointly administered by the District Court and the Bankruptcy Court. The Debtors' Bankruptcy case was assigned to the District Court (Wolin, J.) in 2001, and Judge Wolin then referred the case to the Bankruptcy Court. *See* Order (1) Referring Certain Cases To The Bankruptcy Court And (2) Allocating Responsibilities Between The District Court And The Bankruptcy Court (the "Order"), attached hereto as Exhibit 2, at 3. The District Court specifically retained the authority, however, to "withdraw the reference made by this Order with respect to specific proceedings or issues as may be required by law or may from time to time be deemed advisable by the Court to facilitate efficient resolution" of the case and further ordered:

> The withdrawal of the reference is specifically contemplated with respect to asbestos-related claims and issues, provided however that the Court's authority to withdraw the reference shall not be limited to that issue nor by whether a particular proceeding is considered core for the purposes of the jurisdiction of the Bankruptcy Court under the United States Code.

*Id.*

## I. The Derivative Adversary Proceeding Would Be Determined By The District Court

As an initial matter, CSFB has a proposed claim against the B-readers with respect to asbestos-related claims and issues that would ultimately be determined by the District Court. CSFB has submitted a proposed complaint with its Motion To Proceed Derivatively (the "Proposed Complaint"), indicating that the adversary proceeding against the B-readers would be tried to a jury. *See* Exhibit B to Motion To Proceed Derivatively, at ¶ 7. CSFB has a constitutional right to have the fraud and negligent misrepresentation claims tried before a jury.[1]

---

[1] The Seventh Amendment provides litigants with the right to a jury trial "[i]n suits at common law, where the value in controversy shall exceed twenty dollars . . . ." U.S. const. amend. vii; *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 n.4 (1989) (The Seventh Amendment requires a jury trial "only if a cause of action is legal in nature and it involves a matter of 'private right'"); *In re NDEP Corp.*, 203 B.R. 905, 909 (D. Del. 1996) ("tort action for money damages, is clearly legal in nature and involves a matter of private right.").

3

Moreover, "absent the express consent of both parties and a special designation of jurisdiction by the district court, the bankruptcy court may not hold a jury trial in [a] non-core proceeding." *In re NDEP Corp.*, 203 B.R. 905, 908 (D. Del. 1996). Since CSFB would *not* agree to a jury trial by the Bankruptcy Court, the reference would ultimately have to be withdrawn with respect to the adversary proceeding against the B-readers. Moreover, courts recognize that "the right to a jury trial weighs in favor of withdrawing the reference" for pre-trial matters. *Superior Precast, Inc.*, No. 97-218, 1998 WL 110594, at *2 (E.D. Pa. Feb. 19, 1998). The Delaware District Court has withdrawn the reference where "[d]ue to the fact that a District Court Judge must eventually preside over the jury trial in this matter, it would constitute a tremendous waste of judicial resources to permit the bankruptcy judge to continue to maintain jurisdiction over the issues presented in this litigation." *NDEP Corp.*, 203 B.R. at 913.

Furthermore, CSFB would not consent to the entry of final orders or judgments by the Bankruptcy Court. Proposed Complaint, at ¶ 6; 28 U.S.C. § 157(c)(1). Thus, pursuant to Bankruptcy Rule 9033(d), any pre-trial motions would ultimately be decided by the District Court *de novo*. Fed. R. Bankr. P. 9033(d) (district court reviews proposed findings of fact and conclusions of law in non-core proceedings *de novo*). Moreover, the non-core nature of a proceeding is a factor weighing in favor of withdrawal of the reference because "while a bankruptcy court may hear non-core matters, the ultimate resolution of a dispute involving non-core matters lies with the District Court." *Enviro-Scope*, 57 B.R. at 1007.

II.     **Because The Motion To Proceed Derivatively Involves Consideration Of The Merits Of The Underlying Suit, The District Court Should Consider The Motion To Proceed Derivatively In The First Instance**

The Motion To Proceed Derivatively requires consideration up front of the substantive non-bankruptcy issues that would arise if the suit were allowed to go forward. In particular, there must be a "colorable claim" against the B-readers before CSFB may proceed

4

with the suit on behalf of the Debtors' estates. *Infinity Investors Ltd. v. Donald Kingsborough (In re Yes! Entertainment Corp.)*, 316 B.R. 141, 145 (D. Del. 2004). This is akin to the standard for determining whether a complaint filed against the B-readers would survive a motion to dismiss, which, as noted above, the District Court would ultimately decide (the Bankruptcy Court may only make proposed findings of fact and conclusions of law). *In re G-I Holdings, Inc.*, 313 B.R. 612, 631 (Bankr. D.N.J. 2004); Motion To Proceed Derivatively, at Argument, Part I.A.2. As such, it would be inefficient and "a waste of judicial resources to have the parties present the same facts to both [the Bankruptcy Court and the District Court] for their individual consideration." *In re Bennett Funding Group, Inc.*, 258 B.R. 67, 77 (Bankr. N.D.N.Y. 2000). Instead, since the District Court, and not the Bankruptcy Court, would ultimately decide the same issues if the suit were allowed to proceed, the District Court should also decide the Motion To Proceed Derivatively in the first instance.

       Significantly, the District Court has already withdrawn the reference to the Bankruptcy Court with respect to the estimation of unpaid asbestos personal injury claims. While the proposed lawsuit against B-readers involves asbestos claims settled and paid pre-petition, and thus is a discrete undertaking from the estimation of outstanding claims, plainly the two proceedings implicate common facts and evidence concerning B-reader fraud. *See* Order dated August 19, 2004, attached hereto as Exhibit 3. Because the District Court is already familiar with the allegations of fraud by B-readers, judicial economy is served by having the District Court consider the Motion To Proceed Derivatively. *See In re Bennett Funding Group*, 258 B.R. at 77.

       Furthermore, non-bankruptcy law will determine whether or not the claims against the B-readers are colorable, and the District Court more frequently adjudicates cases

5

involving the relevant tort principles than the Bankruptcy Court. The Delaware District Court has withdrawn the reference of a proceeding in a bankruptcy case where the issues involved were "routinely tried in federal court and [] somewhat removed from the bankruptcy court's realm of expertise." *NDEP Corp.*, 203 B.R. at 913. Indeed, it is generally recognized that the consideration of "complex non-bankruptcy law" is a factor favoring withdrawal of the reference. *Superior Precast*, 1998 WL 110594, at *3.

## CONCLUSION

Judicial economy and efficiency are well-recognized as constituting good cause for withdrawing the reference under 28 U.S.C. § 157(d). For the foregoing reasons, CSFB respectfully requests that the Court grant the Motion To Withdraw The Reference and enter an order authorizing a limited withdrawal of the reference to the Bankruptcy Court with respect to the Motion To Proceed Derivatively.

Dated:   January 12, 2005

                                        LANDIS RATH & COBB LLP

                                        Richard S. Cobb (I.D. No. 3157)
                                        Rebecca L. Butcher (I.D. No. 3816)
                                        919 Market Street, Suite 600
                                        Wilmington, Delaware 19801
                                        Tel:  (302) 467-4400
                                        Fax:  (302) 467-4450

                                        *Attorneys for Credit Suisse First Boston, as Agent*

OF COUNSEL:

Barry R. Ostrager
Tyler B. Robinson
Robert J. Pfister
Katharine E. Nolan

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
Tel:  (212) 455-2000
Fax:  (212) 455-2502

7