# EXHIBIT H

**SIMPSON THACHER & BARTLETT LLP**

425 LEXINGTON AVENUE
NEW YORK, N.Y. 10017-3954
(212) 455-2000

FACSIMILE (212) 455-2502

DIRECT DIAL NUMBER

212-455-2655

E-MAIL ADDRESS

bostrager@stblaw.com

January 28, 2005

Re:   *In re Owens Corning, et al.*, in the United States District
      Court for the District of Delaware, Civil Action No. 05-40
      (JPF), Bankr. Case No. 00-3837 (JKF)

The Honorable John P. Fullam
United States District Court for the
Eastern District of Pennsylvania
United States Courthouse
601 Market Street, Room #15614
Philadelphia, PA 19106-1780

Dear Judge Fullam:

  This firm represents Credit Suisse First Boston ("CSFB"), as agent for the pre-petition bank lenders to the Debtors in the above-referenced bankruptcy case. I write respectfully to call Your Honor's attention to a matter of immediate concern.

  On January 12, 2005 CSFB filed a motion in the Bankruptcy Court seeking authorization to commence derivatively on behalf of the Debtors' estates an adversary proceeding against B-readers who falsely reported x-ray readings as positive for asbestos-related disease in support of asbestos personal injury claims that were paid by the Debtors pre-petition (the "Motion to Proceed Derivatively"). *See* Bankr. Docket No. 14180. On the same day, CSFB also filed a motion to withdraw the reference to the Bankruptcy Court with respect to the Motion to Proceed Derivatively (the "Motion to Withdraw the Reference") so that this Court determines whether CSFB may proceed with the lawsuit – the same Court that would preside over the jury trial action CSFB has proposed. *See* Bankr. Docket No. 14181.

  Owens Corning has refused CSFB's demand that it initiate the suit on its own behalf in a letter that was appended to the Debtors' opposition to CSFB's Motion to Withdraw the Reference. We enclose with this letter a courtesy copy of CSFB's Reply to the Debtors, filed with the Court today on an expedited basis. Of immediate concern to CSFB, however, is the statute of limitations that continues to run on CSFB's proposed claims against the B-readers while the Motions to Proceed Derivatively and to Withdraw the Reference are *sub judice*.

  CSFB's draft complaint (a copy of which was submitted to this Court with the Motion to Withdraw the Reference) is based in large part upon the May 21, 2002 Report of Dr. Gary K. Friedman, a board-certified pulmonologist whom Owens Corning retained – in connection with the claims estimation proceedings over which this Court recently

LOS ANGELES    PALO ALTO    HONG KONG    LONDON    TOKYO

SIMPSON THACHER & BARTLETT LLP

The Honorable John P. Fullam            -2-                    January 28, 2005

presided – to study the validity of nonmalignant asbestos personal-injury claims that were paid by Owens Corning pre-petition in connection with its National Settlement Program. As this Court is likely already aware, Dr. Friedman's report concluded that more than 86% of the 1,691 nonmalignant claims he studied were unsupported by adequate medical evidence and should not have been paid. *See* Exhibit B to the Motion to Proceed Derivatively at ¶¶ 41-50, attached as Exhibit 1 to the Memorandum of Law in Support of the Motion to Withdraw the Reference, Bankr. Docket No. 14183.

Under Delaware's borrowing statute, the applicable statute of limitations for CSFB's proposed fraud and negligent misrepresentation claims is no more than three years (subject to fraudulent concealment and other equitable tolling doctrines). *See* 10 Del. C. §§ 8121, 8106. The three-year anniversary of the Friedman Report is this May 21, 2005. Despite the fact that CSFB has filed the Motion to Proceed Derivatively well within the three-year statute of limitations, CSFB is concerned that the Motion may not be decided within the applicable limitations period. In this connection, we are mindful that the determination of when the statute commences to run is fact intensive, and CSFB is not presently in a position to know all the facts,[1] but anticipates that defendants may try to argue that the statute commenced running earlier than the date the Friedman Report was issued. For this reason, CSFB is concerned that with each passing day, the statute of limitations becomes more of an issue, for no reason other than that a creditor must seek authorization to sue derivatively when the Debtor has refused the creditor's demand.

I write respectfully to request that Your Honor permit CSFB to toll the statute of limitations by provisionally filing the proposed complaint against the B-readers while the motions for authorization to sue and to withdraw the reference are pending. CSFB would immediately withdraw the provisional complaint in the event the Motion to Proceed Derivatively is denied. I have taken the liberty of attaching a proposed order. Should the Court desire a conference to discuss this matter further, counsel for CSFB are available at Your Honor's earliest convenience.

Respectfully,

/s/ Barry R. Ostrager

cc: The Honorable Judith K. Fitzgerald
    Owens Corning Service List (attached)

Enc.

---

[1] CSFB did not even obtain a copy of the May 21, 2002 Friedman Report until September 3, 2004.