UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| OWENS CORNING, *et al.*, | : | Case No. 00-3837 (JKF) |
| | : | |
| Debtors. | : | (Jointly Administered) |

Hearing Date: 2/28/05 at 10:00 a.m.
Related to Docket No. 14184

## DEBTORS' RESPONSE TO CSFB'S MOTION
## FOR DETERMINATION OF CORE OR NON-CORE STATUS

Owens Corning and its subsidiary debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned attorneys, hereby respond to CSFB's Motion For Determination of Core or Non-Core Status Pursuant to Local Rule 5011-1 (the "Core/Non-Core Motion") as follows:

### Background

On January 12, 2005, CFSB filed a motion to withdraw the reference of its Motion for Order Authorizing CSFB to Commence an Adversary Proceeding on Behalf of Debtors' Estates Against Certain Physicians Who Falsely Reported X-Ray Readings as Positive for Asbestos-Related Impairment (the "Motion to Commence an Adversary Proceeding"). By the Core/Non-Core Motion, CFSB now seeks a determination from this Court that the Motion to Commence an Adversary Proceeding "involves both "core" and "non-core" issues." (CSFB Brief at 1). If granted, such an order would implicate this Court's right to issue a final order as well as the standard of review to be employed by the District Court. See *Centennial & Allegheny Univ. Hospitals-East Tenet Healthsystem Phila., Inc. v. Nat'l Union of Hosp. & Health Care Employees., (In re Allegheny Health, Educ. and Research Foundation)*, 383 F.3d 169, 175 (3d Cir. 2004).

515931.1 2/11/05

## Response

While the Debtors believe that either this or the District Court is well-qualified to decide the Motion to Commence an Adversary Proceeding, CFSB has cited no cases and no support for the proposition that the existence of state law claims in a proposed underlying action transforms a determination of derivative standing into a mixed core/non-core proceeding. Instead, CSFB is bootstrapping what may come later – a determination of which court should *adjudicate* the action they seek to bring – with what is currently before this Court: a preliminary determination on derivative standing.

It is clear that this preliminary determination – whether or not to grant derivative standing to sue in the Debtors' stead -- is a core proceeding under 28 U.S.C. § 157, regardless of whether the potential underlying action implicates state law. *In re G-I Holdings, Inc.* 313 B.R. 612, 621 (Bankr. D.N.J. 2004) (a motion for derivative standing involving underlying state law claims is a core proceeding). Indeed, bankruptcy courts routinely issue final orders – something they cannot do unless the proceeding is core – on motions for derivative standing involving underlying state law claims. *See, e.g., Infinity Investors Ltd. V. Donald Kingsborough (In re Yes! Entertainment Corp.)*, 316 B.R. 141 (D. Del. 2004) (holding that the bankruptcy court could have granted creditor the approval required for derivative standing, where the underlying action included a state law claim for breach of fiduciary duty) [1]; *In re G-I Holdings, Inc.*, 313 B.R. 612 (granting creditors' committee derivative standing to file a suit involving a state law fraud claim); *In re iPCS, Inc.*, 297 B.R. 283 (Bankr. N.D. Ga. 2003) (granting creditors' committee derivative

---

[1] CSFB cites *In re Yes! Entertainment Corp.*, for the test for derivative standing, but notably included only the first two requirements set forth in the decision: unjustifiable refusal to bring the claim and that the claim is colorable. The decision set forth a third requirement not mentioned by CSFB -- "the permission of the bankruptcy court to initiate the action." *In re Yes! Entertainment Corp.*, 316 B.R. at 145.

standing to file a suit involving state law claims for mismanagement, waste and breach of contract).[2]

## CONCLUSION

For the reasons stated above, the Debtors respectfully request that the Court determine that CSFB's Motion to Commence an Adversary Proceeding is a core proceeding, and grant such further relief as the Court deems just and proper.

Dated: February 11, 2005

Respectfully submitted,

SAUL EWING LLP

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
222 Delaware Avenue
P.O. Box 1266
Wilmington, Delaware 19899-1266
(302) 421-6800

Counsel to Owens Corning, et al.

-and-

DEBEVOISE & PLIMPTON LLP
Roger E. Podesta
Mary Beth Hogan
919 Third Avenue
New York, New York 10022
(212) 909-6000

Special Counsel to Owens Corning, et al.

---

[2] While Bankruptcy Courts can issue final orders in non-core proceedings if the parties have consented, there is no indication in these cases that the parties consented to the Bankruptcy Court's jurisdiction.

3