# EXHIBIT 3

1 of 1 DOCUMENT

Krug, et al. v. Beebe Medical Center, et al.

C.A. No. 02C-06-093

SUPERIOR COURT OF DELAWARE, NEW CASTLE

2003 Del. Super. LEXIS 334

June 6, 2003, Submitted
September 30, 2003, Decided

**DISPOSITION:** [*1] Defendant's Motion to Dismiss GRANTED.

**LexisNexis(R) Headnotes**

**COUNSEL:** Andre G. Bouchard, Esquire, Bouchard Margules & Friedlander, P.A., Wilmington, DE.

Michael D. Carr, Esquire, Wilmington, DE.

John A. Elzufon, Esquire, Elzufon Austin Reardon Tarlov & Mondell, Wilmington, DE.

Melanie K. Sharp, Esquire, Young Conaway Stargatt & Taylor, Wilmington, DE.

Gilbert F. Shelsby, Jr., Esquire, Morgan Shelsby & Leoni, Newark, DE.

**JUDGES:** FRED S. SILVERMAN, JUDGE.

**OPINION:**

After reviewing Defendant's March 18, 2003 motion to dismiss on statute of limitations grounds, I conclude that the statute has indeed run and Plaintiff's claims are barred. In light of recent case law, this case is relatively straightforward.

Plaintiff's complaint concerns a cardiac catheterization, and an alleged lack of informed consent and negligence. Specifically, Plaintiff pinpoints June 12, 1999 as when he originally underwent a catheterization, and June 14, 1999 as when Defendant unnecessarily and negligently performed a repeat catheterization. Plaintiff filed his complaint on June 12, 2002, which was three years after Defendant's negligence and Plaintiff's injury.

The issue is whether a patient is on notice of possible medical [*2] negligence, thus triggering the statute of limitations, when informed that a second catheterization is necessary only days after undergoing the original procedure. Delaware law imposes a two-year statute of limitations on plaintiffs bringing medical negligence claims. n1 The period begins to run from the date when the injury occurs. n2 Injured plaintiffs have as much as an extra year if the injury is unknown to them and cannot be discovered through reasonable diligence. n3 The additional time for bringing a suit is known as the "discovery rule." n4

n1 DEL CODE ANN. tit. 18, § 6856 (2003). n2 18 *Del. C.* § 6856. n3 *Id.* See *Parsons v. Marvel*, 2001 Del. Super. LEXIS 493, 2001 WL 1739451 (Del. Super. Ct.)(citing *Ewing v. Beck*, 520 A.2d 653, 663 (Del. 1987))(one year extension in § 6856(1) only available where injuries not physically ascertainable). n4 Bridgestone/Firestone, Inc. v. Cap Gemini America, Inc., 2002 Del. Super. LEXIS 291, 2002 WL 1042089, at *20-21 (Del. Super. Ct.)(citing *Began v. Dixon*, 547 A.2d 620, 623 (Del. Super. Ct. 1988))(discovery rule applies to medical malpractice actions involving inherently unknowable injuries where no observable or objective factors put laypeople on notice).

[*3]

*Brown v. E.I. DuPont de Nemours and Company, Inc.* n5 explains the "discovery rule." *Brown* states that

the rule "starts the limitations period running only 'when a legal injury is sustained.' Thus, the statute of limitations period began to run when plaintiffs were on notice of a potential tort claim." n6 In the absence of actual notice, plaintiffs are on inquiry notice when they are chargeable with knowing that their rights have been violated. n7

n5 820 A.2d 362 (Del. 2003). n6 *Id.* at 368-369. n7 *Id.* at 368, n.21.

Usually, whether and when a person is on notice presents a jury question. Even so, no reasonable juror could conclude that Plaintiff was not on actual or inquiry notice that he had a potential claim as of June 14, 1999. After undergoing a heart catheterization on June 12, 1999, Plaintiff was at least under a duty to inquire into why a repeat procedure was necessary only two days later. Plaintiff, therefore, was on notice, [*4] or inquiry notice, of a "potential tort claim," and the statute of limitations began running on June 14, 1999. Plaintiff's June 12, 2002 complaint falls outside the two-year period specified in § 6856 by almost a full year.

This motion's outcome seemed clear after the oral argument. Nevertheless, the court gave Plaintiff a final chance to expand the record and explain how it was that the second catheterization did not put him on notice. Plaintiff chose not to provide more about why he did not file suit sooner.

Plaintiff may have received substandard medical care. It is difficult to see why he had to undergo back-to-back heart catheterizations. And the court prefers to give Plaintiff his day in court. Nevertheless, the law requires that injured parties investigate their claims and file suit within a specific time. Plaintiff missed the deadline.

Defendant's motion to dismiss on statute of limitations grounds is ***GRANTED.***

**IT IS SO ORDERED.**