IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

―――――――――――――――――――――――x
IN RE:                                            :   Chapter 11
                                                  :
OWENS CORNING, *et al.*,                          :   Case No.: 00-3837 to 3854 (JKF)
                                                  :   (Jointly Administered)
                        Debtors.                  :
―――――――――――――――――――――――  x

Related to D.I. No. 14180
Hearing Held February 28, 2005
Agenda Item No. 4

**CERTIFICATION OF DEBTOR'S COUNSEL REGARDING ORDER
GRANTING CREDIT SUISSE FIRST BOSTON'S MOTION FOR AUTHORITY
TO COMMENCE ADVERSARY PROCEEDING, ON CERTAIN CONDITIONS**

The undersigned, counsel to the above-referenced Debtors, hereby certifies that:

1. On January 12, 2005, Credit Suisse First Boston ("CSFB"), as agent for the prepetition bank lenders to Owens Corning, filed a motion for an order authorizing CSFB to commence an adversary proceeding (the "Adversary Proceeding") on behalf of the estate of Owens Corning against certain physicians accused of falsely reporting x-ray readings as positive for asbestos-related impairment (the "Motion") (Docket # 14180). CSFB agreed in the Motion to bear all costs and expenses incurred in connection with the prosecution of the Adversary Proceeding, with the option to seek reimbursement from any recoveries resulting from the Adversary Proceeding, pursuant to § 503(b)(3)-(4) of the Bankruptcy Code.

2. On February 10, 2005, the Debtor filed a response and conditional objection to the Motion (the "Conditional Objection"). In the Conditional Objection the Debtor explained that it was concerned, among other things, that attorneys' fees and costs

21908776v1
517574.1

incurred in prosecuting the proposed litigation could substantially exceed monetary recoveries by the estate and that the filing of the lawsuit could well subject the Debtor to the risk and expense of litigating against sizeable counterclaims.  In the Conditional Objection the Debtor nevertheless stated that it was not opposed to CSFB pursuing the Adversary Proceeding, if CSFB agreed to indemnify the Debtor, its directors, officers, agents, professionals and employees against any costs or expenses relating to counterclaims brought by the defendants to the Adversary Proceeding.

       3.  A hearing on the Motion and on the Debtor's Conditional Objection was held before the Court on February 28, 2005 (the "Hearing").

       4.  During the Hearing, the Court agreed with the Debtor's argument that it was appropriate for CSFB to indemnify the Debtor as a condition to being granted permission to pursue the adversary proceeding.  In response to the Court's statements, counsel for CSFB stated:

> MR. OSTRAGER:  Is it the Court's position that you are going to deny the -- the committee's claim unless there's an indemnity?
>
> . . .
>
> THE COURT:  I am -- I think that's what I'm going to do.  I'm going to hear from the other side, but it seems to me there's some indemnity or some bond.  Something has to be posted to ensure the creditors of the estate that they will not lose as the result of permitting one creditor to go forward with these suits.
>
> . . .
>
> THE COURT:  I understand your argument.  All I'm saying is the debtor is concerned in its fiduciary capacity

2

that undertaking these suits will cost more than the recovery. And the debtor wants to protect the creditors to whom it owes that fiduciary duty from that risk. So, if Credit Suisse, as agent, is convinced that the debtor is in error and that more funds will indeed come in that will reimburse Credit Suisse for whatever 503 action it may have, or 506 claim, whatever the claim it will have against the estate for assuming these costs, and in fact will compensate creditors, then it should be, I guess, willing to provide that indemnity. Perhaps the debtor is wrong and Credit Suisse is correct. And if it is then the indemnity will never be called upon. But if the debtor is correct and Credit Suisse is wrong, and the indemnities are called upon, or in fact the costs exceed the return to the estate, then Credit Suisse should act at its risk under these circumstances. That is a reasonable position for the debtor to take.

MR. OSTRAGER: Okay. I'm going to make the executive decision on behalf of my client that we will indemnify the debtor for any counterclaims that are interposed by the B readers, and that should terminate controversy here because the debtor doesn't oppose proceeding, and concedes that the counterclaims are largely meritless, and Your Honor, as the gatekeeper, is going to obviously apply Rule 11 to any counterclaims that are asserted.

THE COURT: Well, I'm going to apply Rule 11. I guess my concern, and what I want to hear from the debtor is whether that does -- that satisfies the debtor's objection.

MR. PODESTA: Your Honor, Roger Podesta for the debtor. I believe it does satisfy the debtor's objection. . . .

. . .

THE COURT: All right. Why don't I get from you folks, when you have an opportunity to talk out the specific language that you want in the order, an order on a certification of counsel?

MR. OSTRAGER: We will do that. And thank you, Your Honor.

21908776v1
517574.1

Hearing Tr. at 19-22, 25

     5. In accordance with the Court's directive, following the Hearing Debtor's counsel submitted a draft form of order to CSFB's counsel for review and comment. CSFB has rejected the Debtor's draft order because it believes that the indemnity language is overbroad. Instead, CSFB asked the Debtor to consent to its proposed order, which states that CSFB did not comply with the condition that it indemnify the Debtor, and that the Motion is therefore denied. The Debtor does not consent to CSFB's proposed order because CSFB's proposed order does not accurately reflect the record from the Hearing. As noted above, the Court indicated that it would condition its approval of the Motion on CSFB's agreement to indemnify the Debtor against counterclaims. Counsel for CSFB then made the "executive decision on behalf of [his] client" to agree to the indemnity.

     6. The Debtor attaches hereto as exhibit A its proposed order which it believes accurately reflects the Court's instructions from the Hearing and the statements made by CSFB at the Hearing. The Debtor's proposed order provides that:

> CSFB shall indemnify and hold harmless Owens Corning, its directors, officers, agents, professionals and employees against any and all judgments, settlements, fines, penalties, sanctions, costs and expenses, including but not limited to legal fees, incurred in connection with any claims or counterclaims brought by the defendants in, or arising out of, the Adversary Proceeding.

     7. The Debtor respectfully submits that this indemnity language accurately reflects the Debtor's and the Court's concern that the estate not be subjected to any expense as a result of CSFB's pursuit of the Adversary Proceeding. The proposed

indemnity would protect the same categories of indemnitees identified in Owens Corning's Conditional Opposition from all judgments, settlements, costs and expenses, as discussed at the Hearing.  The Debtor also believes it appropriate that the indemnity cover fines, penalties and sanctions, given the real possibility that defendants would move for such things in response to the Adversary Proceeding.  Finally, the Debtor has included indemnity against any "claims" brought by defendants, lest the "counterclaims" be brought in an independent action.

Wherefore, the Debtor respectfully requests that the Court enter the proposed Order attached hereto as Exhibit A.

Dated:  March 11, 2005

SAUL EWING LLP

By: */s/ J. Kate Stickles*
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
222 Delaware Avenue, Suite 1200
Wilmington, DE  19801
(302) 421-6800

and

Debevoise & Plimpton LLP
Roger E. Podesta
919 Third Avenue
New York, NY  10022
(212) 909-6000

Counsel to Owens Corning, *et al.*