## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

```
-------------------------------------------------------x
                                           :
IN RE                                      :
                                           :
OWENS CORNING, et al.,                     :     Chapter 11
                                           :
                                           :     Case Nos. 00-3837 to 3854 (JKF)
                                           :     (Jointly Administered)
                              Debtors. :
                                           :     Related to D.I. No. 14180
                                           :     Hearing Held February 28, 2005
                                           :     Agenda Item No. 4
-------------------------------------------------------x
```

**CERTIFICATION OF COUNSEL FOR CREDIT SUISSE FIRST BOSTON ("CSFB"),
AS AGENT, REGARDING A PROPOSED ORDER DENYING CSFB'S
MOTION FOR AN ORDER AUTHORIZING IT TO COMMENCE AN
ADVERSARY PROCEEDING ON BEHALF OF THE DEBTORS' ESTATES
AGAINST CERTAIN PHYSICIANS WHO FALSELY REPORTED X-RAY
READINGS AS POSITIVE FOR ASBESTOS-RELATED IMPAIRMENT**

The undersigned, counsel to Credit Suisse First Boston ("CSFB"), as Agent for
the pre-petition bank lenders to Owens Corning and certain of its subsidiaries (the "Bank
Lenders"), hereby certifies that:

1.      On January 12, 2005, CSFB filed a Motion for an Order Authorizing it to
Commence an Adversary Proceeding on Behalf of the Debtors' Estates Against Certain
Physicians Who Falsely Reported X-Ray Readings as Positive for Asbestos-Related Impairment
(Docket No. 14180) (the "Motion").

2.      On February 10, 2005, Owens Corning timely filed a response and
conditional objection to the Motion (Docket Nos. 14466 and 14467) ("Conditional Opposition").
The Conditional Opposition requested that the Court condition any permission to proceed
derivatively on CSFB's agreement to provide an indemnity against potential counterclaims
against the Debtors.

3.    On February 18, 2005, CSFB requested leave to file a reply memorandum in further support of the Motion (Docket No. 14515), which the Court granted by order dated March 8, 2005. CSFB filed the Reply ("Reply") on March 10, 2005 (Docket No. 14649).

4.    A hearing on the Motion was held before the Court on February 28, 2005. During the hearing, the Court indicated that it would deny the Motion unless CSFB, as Agent, agreed to indemnify Owens Corning, or provide equivalent security, against counterclaims asserted against the estate (Hearing Tr. 20).

5.    Counsel for CSFB stated that CSFB would provide an indemnity, given the Court's stated intent to deny the Motion and given the statute of limitations concerns about any further delay in prosecuting the Adversary Proceeding contemplated by the Motion (Hearing Tr. 22).

6.    Counsel for Owens Corning responded that with an appropriate indemnity, Owens Corning was prepared to drop its objection to the Motion (Hearing Tr. 22-23). The Court reserved ruling on the Motion subject to the parties reaching agreement on an indemnity acceptable to both sides after the hearing (Hearing Tr. 25).

7.    Following the February 28, 2005 hearing, CSFB and other members of the bank lending syndicate's Steering Committee conferred internally about the indemnity condition required by the Court and concluded that it was not an arrangement to which they could agree with Owens Corning. Members of the Steering Committee contacted Owens Corning directly and asked whether Owens Corning would agree to forego the indemnity requirement or, if not, then agree to abandon the proposed B-reader claims to CSFB – subject to an appropriate sharing arrangement of any recoveries – in order to ameliorate Owens Corning's concerns about

2

counterclaims. Owens Corning has not agreed to drop the indemnity condition or to abandon the

claims to CSFB.

        8.     On March 11, 2005, Owens Corning filed a Certification of Counsel and

Proposed Order containing the following language:

> 3.     CSFB shall indemnify and hold harmless Owens Corning,
> its directors, officers, agents, professionals and employees against
> any and all judgments, settlements, fines, penalties, sanctions,
> costs and expenses, including but not limited to legal fees,
> incurred in connection with any claims or counterclaims brought
> by the defendants in, or arising out of, the Adversary Proceeding.
>
> FURTHER ORDERED, that CSFB shall have the right to
> seek to discontinue or settle the Adversary Proceeding upon
> reasonable notice to Owens Corning, the official committees and
> the Futures Representative, and an opportunity to be heard
> thereon. This right shall not extinguish CSFB's obligation to
> indemnify and hold harmless Owens Corning, its directors,
> officers, agents, professionals and employees, as described in
> paragraph 3 above.

(Docket No. 14656).

        9.     CSFB does not consent to Owens Corning's Proposed Order. CSFB and

Owens Corning have not agreed on an indemnity and CSFB maintains its position (as set out in

the Reply) that an indemnity may not be required in this circumstance. Accordingly, attached

hereto as Exhibit A is a proposed order denying the Motion because CSFB has not satisfied the

Court's condition on granting the Motion (the "Proposed Order").

      10.     CSFB respectfully requests that the Court enter the Proposed Order at the

earliest convenience of the Court.

3

Dated:     March 14, 2005

LANDIS RATH & COBB LLP

By: _____
Richard S. Cobb (I.D. No. 3157)
Rebecca L. Butcher (I.D. No. 3816)
919 Market Street, Suite 600
Wilmington, Delaware 19810
Tel:  (302) 467-4400
Fax:  (302) 467-4450

*Attorneys for Credit Suisse First Boston, as Agent*

Of Counsel:

Barry R. Ostrager
Tyler B. Robinson
Robert J. Pfister
Katharine E. Nolan

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
Tel:  (212) 455-2000
Fax:  (212) 455-2502